**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NANCY E. SAUNIER-HOWES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-935** |
| **DEPARTMENT OF VETERANS AFFAIRS** | **SECTION: "M" (5)** |

## ORDER

Before the Court is a Motion for Appointment of counsel (rec. doc. 3) filed by Plaintiff, Nancy E. Saunier-Howes.  Having reviewed the pleading and the applicable law, the Court rules as follows.

### I.  Background

Plaintiff filed her Complaint against Defendant, Douglas A. Collins, Secretary of Veteran Affairs, on April 30, 2026.  (Rec. doc. 1).  The action is brought for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973.  (*Id.*).  The case involves the alleged discrimination Plaintiff faced by the agency management officials at the VA Southeast Louisiana Veterans Healthcare system in New Orleans, Louisiana, on the bases of her race and disability, as well as reprisal for prior protected equal employment opportunity activity when, on or about May 3, 2017, Plaintiff was denied a non-competitive promotion to her target grade for her Chief Health Information Management position.  (*Id.*).  Plaintiff received a favorable decision in the amount of $11,000 on January 30, 2026, on a claim for compensatory damages submitted to the Department of Veteran Affairs in connection with the facts mentioned above.  (Rec. doc. 1-7).

Plaintiff alleges she has continued to experience discrimination by Defendant for many years prior to the filing of this lawsuit due to an unknown condition that went undiagnosed until 2020.   (Rec. doc. 1).   Plaintiff was allegedly refused reasonable accommodation, terminated while on leave seeking medical attention, not paid for overtime, and subject to workplace discrimination through the abuse of foul language, exclusion, and inaction.  (*Id*.).  She claims the actions by Defendant continue to affect the loss of enjoyment of life, career, family, lost wages, and benefits.

## II.  Law and Analysis

The Court's power to "appoint counsel" is derived from 28 U.S.C. § 1915(e)(1), which provides that the "court may request an attorney to represent any person unable to afford counsel."  Plaintiff has neither a constitutional nor an automatic right to appointed counsel in a civil case.  *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977).  Unlike a criminal defendant, an indigent civil rights litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances."  *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th  Cir. 1997)*; Akasike v. Fitzpatrick,*  26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002).  Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case.  *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990).  The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice.  *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166.   The plaintiff bears the burden of persuasion as to the necessity of such an appointment.  *See Caston,* 556 F.2d at 1310.

The evidence which must be adduced includes

(1)     plaintiff's indigence and
(2)     efforts made to secure counsel.

However, these are bare minimum *threshold* considerations.  Additionally, the Court should consider the following factors:

(a)     the type and complexity of the case;
(b)     whether the indigent is capable of presenting his case adequately;
(c)     whether he is in a position to investigate his case adequately; and
(d)     whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992);  *Ulmer*, 691 F.2d at 213.  The Court also considers whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case. *Id.*

This Court granted Plaintiff *pauper status* on May 5, 2026.  (Rec. doc. 4).  Plaintiff has attempted to retain counsel nine times.  (Rec. doc. 3).  The facts in this case are extensive as they span a long period of time and include the documentation of previous complaints and final agency decisions.  Further, navigating an employment complaint pursuant to Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 can be highly complex.  Thus, the Court finds that appointment of counsel would be of service to the Court in this case and will advance the administration of justice.

**III. Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (rec. doc. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that, on or before August 10, 2026, the FBA-NO Pilot Program Coordinator is to undertake a search for an attorney from the Civil Pro Bono

3

Counsel Panel for the appointment and provide that attorney's name and contact information to the undersigned.  Once that information is received, the Court will issue an order directing the Clerk of Court to designate that attorney on the docket sheet as counsel for Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this order to the Program Coordinator.

New Orleans, Louisiana, this _____22nd_____ day of _____July_____, 2026.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE